UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| PRIME INSURANCE COMPANY, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:15-CV-105-JD-SLC |
| | ) |
| RITEWAY TRUCKING, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

On May 1, 2015, Plaintiff Prime Insurance Company filed a complaint against Defendants, alleging that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (DE 1). In the complaint, Plaintiff, a Utah corporation with its principal place of business in Utah, alleges that Defendant Riteway Trucking, Inc., is an Illinois corporation with its principal place of business in Illinois; Plaintiff also alleges that "[o]n information and belief," Defendant Decardo Humphrey and Darnell Wright are individuals "residing" in Illinois. (DE 1 at ¶¶ 1-4).

Plaintiff's jurisdictional allegations with respect to the individual Defendants, however, are inadequate. First, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *see also Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003).

Second, residency is meaningless for purposes of diversity jurisdiction; an individual's citizenship is determined by his domicile. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir.

2002); *see Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332). Accordingly, Plaintiff must advise the Court of the domicile of the two individual Defendants, which demonstrates citizenship. *See Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997) (stating that the party seeking to invoke federal diversity jurisdiction bears the burden of demonstrating that the requirement of complete diversity has been met).

Plaintiff is ORDERED to file on or before May 19, 2015, an Amended Complaint that properly alleges the citizenship of Defendants.

SO ORDERED.

Enter for this 5th day of May, 2015.

                                              s/ Susan Collins
                                              Susan Collins,
                                              United States Magistrate Judge