UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **PRIME INSURANCE COMPANY,** | ) |
| Plaintiff, | ) |
| v. | ) No. 1:15-cv-00105-JD-SLC |
| **RITEWAY TRUCKING, INC.,** *et al.*, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is a motion to determine the propriety of service and for leave to serve by publication filed by Plaintiff Prime Insurance Company ("Prime Insurance"). (DE 20). Defendants have not filed any response, and the time to do so has now run. This motion is therefore ripe for adjudication. Prime Insurance's motion will be GRANTED IN PART and DENIED IN PART for the reasons set forth below.

### I. BACKGROUND

Prime Insurance filed this action, seeking declaratory judgment against Defendants Riteway Trucking, Inc. ("Riteway Trucking"), Decardo Humphrey ("Humprey"), and Darnell Wright ("Wright"), in May of 2015. (DE 1; DE 6). The action concerns a traffic accident on November 12, 2013, when the vehicles driven by Wright and Humphrey collided near the 2800 block of E. Pontiac in Fort Wayne, Indiana. Humphrey was driving a tractor trailer as an employee of Riteway Trucking, which had an insurance policy with Prime Insurance. Prime Insurance seeks a declaratory judgment that it owes no coverage to Riteway Trucking on the basis that the tractor being driven by Humphrey at the time of the incident was not covered by the policy, because it was not listed in the policy and because Riteway Trucking did not inform

Prime Insurance of Riteway Trucking's purchase of the tractor.  Alternatively, Prime Insurance seeks a declaratory judgment from the Court that any coverage under the policy is void because Riteway Trucking did not inform Prime Insurance of the accident until nearly a year after it occurred, which Prime Insurance contends breached the conditions of the policy because of the unreasonable delay.

On September 29, 2015, Prime Insurance sought leave to amend its complaint to include Riteway Transportation, Inc. ("Riteway Transportation"), Ali Faruq ("Faruq"), and Deval Soneji ("Soneji") as additional defendants in this matter.  (DE 11).  The Court granted Prime Insurance's motion to amend and Prime Insurance's second amended complaint was shown as filed on October 22, 2016.  (DE 12; DE 13).  Prime Insurance states in its second amended complaint that Riteway Transportation is the successor in interest of Riteway Trucking, and Faruq and Soneji are officers and agents of Riteway Trucking and Riteway Transportation.  (DE 13 ¶¶ 12-14).  Prime Insurance moved for service by publication and an extension of time to effectuate service on February 12, 2016.  (DE 18).  In that motion, Prime Insurance represented that it had been unable to perfect service on Riteway Transportation, Faruq, and Soneji despite five or six attempts at service upon each of these Defendants.  The Court granted Prime Insurance an extension of time to effect service on these Defendants, but denied Prime Insurance's request for service by publication, as it had not shown via affidavit that despite its diligent search, "defendant cannot be found, has concealed his whereabouts, or has left the state . . . ."  (DE 19 (quoting Ind. R. Trial P. 4.13(A))).

Prime Insurance has now filed the instant motion, which renews its request for leave to serve Soneji by publication, and requests that the Court find that Faruq and Riteway

Transportation have been properly served. (DE 20). Prime Insurance includes the affidavit of Alyson Hau (DE 20-1 at 1-2), along with certified mail receipts and online tracking information from the United States Postal Service (DE 20-1 at 3-20) and a letter from a Skiptrace service (DE 20-2) as exhibits in support of its motion.

## II. LEGAL STANDARD

Rule 4 of the Federal Rules of Civil Procedure requires that a plaintiff serve a summons and copy of the complaint upon a defendant within 90 days of the filing of a complaint or within an extension for service granted by the court. Fed. R. Civ. P. 4(c), (m). A plaintiff may effect process upon an individual in the United States by following state law regarding serving a summons. Fed. R. Civ. P. 4(e)(1). A plaintiff may also effect process upon an organization in the United States by following state law. Fed. R. Civ. P. 4(h)(1)(A).

Under Indiana law, "[s]ervice may be made upon an individual, or an individual acting in a representative capacity, by: (1) sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgment of receipt may be requested and obtained to his residence, place of business, or employment with return receipt requested and returned showing receipt of the letter; or (2) delivering a copy of the summons and complaint to him personally; or (3) leaving a copy of the summons and complaint at his dwelling house or usual place of abode; or (4) serving his agent as provided by rule, statute or valid agreement." Ind. R. Trial P. 4.1(A). Service may be effected upon an organization under Indiana law: (1) by serving process upon an executive officer, agent, partner, or government representative of the organization; or (2) "when shown upon an affidavit or in the return, that service upon an organization cannot be made" upon such a representative of the organization,

3

"by leaving a copy of the summons and complaint at any office of such organization located within this state with the person in charge of such office." Ind. R. Trial P. 4.6.

"When the person to be served is a resident of this state who cannot be served personally or by agent in this state and either cannot be found, has concealed his whereabouts, or has left the state," service by publication as provided by Rule 4.13 is permissible. Ind. R. Trial P. 4.5, 4.9.

### III. ANALYSIS

Prime Insurance represents in its motion that it attempted to serve process upon Faruq and Riteway Transportation through the Cook County Sheriff's Department, through a special process server, and through certified and registered mail. (DE 20 ¶ 1). Prime Insurance explains that although the summons and complaint were delivered on March 14, 2016, when the mailings were accepted, Prime Insurance has not received the "green cards" back from the Post Office confirming delivery. (DE 20 ¶ 1). Prime Insurance nevertheless requests that the Court find that Faruq and Riteway Transportation were properly served on March 14, 2016, on the basis that the United States Postal Service's online tracking information shows "delivered" as the status of the tracking numbers for the letters Prime Insurance asserts were mailed to Faruq and Riteway Transportation. (DE 20 ¶ 1). Prime Insurance also requests that the Court permit it to serve Soneji by publication, and it requests that it be granted leave to serve Faruq and Riteway Transportation by publication as well, in the alternative to the Court finding proper service as to Faruq and Riteway Transportation. (DE 20 ¶¶ c-d).

Regarding Prime Insurance's request that the Court find that it has properly served Faruq and Riteway Transportation, it does not appear that Prime Insurance has obtained the written return receipts that would show Faruq and Riteway Transportation received the letters. The

online tracking records provided by Prime Insurance do not include the names or even the addresses the letters were delivered to, and the online tracking records do not specify who signed for the letters. (DE 20-1 at 4, 8). Prime Insurance admits that it could not locate any authority addressing whether such online tracking records satisfy Rule 4.1 of the Indiana Rules of Trial Procedure, and the Court is unpersuaded that the online tracking records submitted by Prime Insurance meet Rule 4.1's requirements in this instance.

Turning next to Prime Insurance's request for leave to effect service by publication upon Faruq, Riteway Transportation, and Soneji, the Court finds that service by publication according to Indiana Rule of Trial Procedure 4.13 is appropriate here, as Prime Insurance has shown by affidavit "that diligent search has been made that the defendant[s] cannot be found, ha[ve] concealed [their] whereabouts, or ha[ve] left the state . . . ." Ind. R. Trial P. 4.13(A). Prime Insurance has demonstrated multiple attempts to serve Faruq, Riteway Transportation, and Soneji through its use of the Cook County Sheriff's Department, a special process server, and both certified and registered mail. Accordingly, Prime Insurance will be permitted to effectuate service of process upon Faruq, Riteway Transportation, and Soneji by publication according to Rule 4.13. Additionally, because Prime Insurance's time to effect service has now expired, the Court will extend the deadline for Prime Insurance to complete service by publication.

### IV. CONCLUSION

For the foregoing reasons, Prime Insurance's motion (DE 20) is GRANTED IN PART in that Prime Insurance may serve Faruq, Riteway Transportation, and Soneji by publication according to Rule 4.13 of the Indiana Rules of Trial Procedure; and that Prime Insurance's deadline to serve Faruq, Riteway Transportation, and Soneji will be extended until 60 days from

the date of this Order; and DENIED IN PART regarding Prime Insurance's request that its efforts to serve Faruq and Riteway Transportation by certified mail be deemed proper service.

SO ORDERED.

Entered this 10th day of May 2016.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge